IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD BYRD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 04-4827 |
| | : | |
| **ESSEX SILVERLINE CORP.**, <u>et al.</u> | : | |

<u>MEMORANDUM AND ORDER</u>

**Kauffman, J.**                                                                                                          **January 8 , 2008**

      Now before the Court is Defendants' uncontested Motion for Summary Judgment (the "Motion"). For the reasons discussed below, the Motion will be granted.

**I.  BACKGROUND**

      This case arises from a workplace injury sustained by Plaintiff Edward Byrd ("Plaintiff") during his employment with George King Corporation, a hardwood floor installation and refinishing company located in Pennsylvania. During the course of his employment, Plaintiff regularly used two floor edgers, one manufactured by Defendant Essex Silverline Corp. ("Essex") and one manufactured by Defendant Alto U.S., Inc. ("Alto"). Compl. ¶¶ 5, 8-9. Plaintiff alleges that both floor edgers "transmit[] hazardous levels of vibration to the hands and arms of [their] user" and caused him to develop Hand Arm Vibration Syndrome ("HAVS"), "a painful and disabling condition" that causes pain, weakness, neurological impairment, and a loss of manual dexterity in his hands, all of which "increase the risk for acute injuries due to accidents." <u>Id.</u> ¶¶ 18, 38.

      Plaintiff alleges that on September 6, 2002, he was injured when he was attempting "to

remove a nail with a pry bar during a floor installation." Id. ¶ 10. Because his right arm was "already weakened" due to HAVS symptoms, id., he was unable to use the pry bar properly. Pl.'s Dep. 45, attached to the Motion at Ex. C. Plaintiff placed his right arm on the floor to hold himself steady, and when his right elbow slid along the floor, a wood splinter entered his arm. Id. at 44. After the injury, he began to experience flu-like symptoms and swelling in his right arm. Compl. ¶ 11. On September 12, 2002, he was admitted to the hospital, where he was diagnosed with cellulitis and underwent an operation to remove the splinter. Id. After his discharge from the hospital, he underwent a series of medical procedures to treat his injured arm. Id. ¶ 12.

Plaintiff alleges that he is "totally disabled from gainful employment" because of the permanent damage to his right hand and arm. Id. ¶ 14. He further contends that because of (a) HAVS and (b) the infected splinter caused by HAVS, he has endured physical pain and suffering, incurred various medical expenses and a loss of earnings, and suffered mental anguish. Id. ¶¶ 23-27, 43-47. On September 7, 2004, Plaintiff filed suit in the Philadelphia Court of Common Pleas, alleging that both Defendants are strictly liable for manufacturing the defective floor edgers, that both Defendants were negligent in failing to discover defects in the edgers, and that both Defendants breached express and implied warranties when distributing the edgers.[1]

---

[1] All parties agree that, as the situs of the alleged injuries, Pennsylvania has the most significant relationship to the action and that Pennsylvania law applies. See, e.g., Laconis v. Burlington County Bridge Comm'n, 583 A.2d 1218, 1223 (Pa. Super. Ct. 1990) ("[I]n an action for personal injuries, the law of the state where the injury occurred normally determines the rights and liabilities of the parties, unless another state . . . has a more significant relationship to the occurrence and parties.").

Defendants timely removed the action pursuant to 28 U.S.C. § 1441(a).[2] Alto filed the instant Motion on April 2, 2007, and Essex joined on April 9, 2007.[3] Plaintiff has failed to respond to the Motion.

## II.  LEGAL STANDARD

When a party fails to respond to a properly filed motion, the Court may treat the motion as uncontested. E.D. Pa. Local R. Civ. P. 7.1(c). Unlike other motions, the Court may not grant an uncontested summary judgment motion without an independent determination that the movant is entitled to judgment under Federal Rule of Civil Procedure 56. Id. By failing to respond, however, "the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion." Reynolds v. Rick's Mushroom Serv., 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003) (quoting Reed v. Nellcor Puritan Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).

In deciding a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving

---

[2] As alleged in the Complaint, Plaintiff is a citizen of Pennsylvania, Alto is a citizen of Missouri and Delaware, and Essex is a citizen of Massachusetts. Plaintiff seeks damages "in excess" of $50,000, and based upon a reasonable reading of the open-ended claim, see Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), the Court is satisfied that the amount in controversy exceeds the minimum threshold of $75,000. See, e.g., McMonagle v. Franklin Mills Assocs. L.P., 2007 U.S. Dist. LEXIS 17071, at *4-5 (E.D. Pa. Mar. 9, 2007) (finding that allegations of permanent injury and loss of earning potential, "coupled with Plaintiff's initial demand for damages 'in excess' of $50,000, are sufficient, under a reasonable reading of the complaint, to demonstrate that the value of the rights being litigated is greater than $75,000"). Accordingly, the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

[3] On November 17, 2005, the action was reassigned from the calendar of the late Honorable Charles R. Weiner to the calendar of this Court.

party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

### III.  DISCUSSION

#### A.  Strict Liability

"In products liability cases, § 402A of the Restatement (Second) of Torts has been adopted as the law of [Pennsylvania] . . . and to prevail, the plaintiff must prove (1) that the product was defective, (2) that the defect existed when it left the hands of the defendant, and (3) that the defect caused the harm." Riley v. Warren Mfg., Inc., 688 A.2d 221, 224 (Pa. Super. Ct.

1997) (citation omitted). "In any products liability case, it is the plaintiff's burden to demonstrate that the injuries sustained were proximately caused by the product's defect." Jacobini v. V. & O. Press Co., 588 A.2d 476, 479 (Pa. 1991).

Plaintiff alleges (a) that the floor edgers caused him to suffer from HAVS and (b) that HAVS caused him further injury by making him susceptible to the splinter accident. The parties agree that Plaintiff has produced evidence demonstrating that he suffered an injury on September 6, 2002, when he slipped and sustained a puncture wound from a splinter. At that time, however, Plaintiff was not using Defendants' products, and nothing aside from the allegations in his Complaint establishes a causal link between the September 6, 2006 injury and his use of the floor edgers. As he testified during his deposition, Plaintiff has never seen a doctor about the numbness, weakness, and pain that he allegedly experienced after using Defendants' products. See Pl.'s Dep. 75, 83. Nor has any medical professional ever told him that he suffers from HAVS or that HAVS contributed to his splinter injury. See id. at 51.

Plaintiff's allegations alone are insufficient to withstand the instant Motion. See, e.g., In re IKON Office Solutions, Inc., 277 F.3d 658, 666 (3d Cir. 2002) ("[A] party will not be able to withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleading and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial.").

Moreover, because he failed to respond to Alto's request for admissions, Plaintiff is deemed to admit the following: (1) all of Plaintiff's medical treatment for the September 6, 2002 injury was for cellulitis and related complications; (2) he has never received any medical

treatment for HAVS; and (3) he has never been diagnosed with HAVS and has no proof that he suffers from HAVS.  See Alto's Req. for Admissions ¶¶ 17, 20, 22, 26, attached to the Motion at Ex. E.  Because "deemed admissions" under Federal Rule of Civil Procedure 36(a) are "sufficient to support orders for summary judgment," Anchorage Assocs. v. Virgin Is. Bd. of Tax Review, 922 F.2d 168, 176 n.7 (3d Cir. 1990), and because Plaintiff has not offered any evidence to support his allegations, the Court will grant summary judgment in favor of Defendants on the strict liability claims.  See Celotex, 477 U.S. at 322 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

### B. Negligence

"To establish a cause of action in negligence, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage."  Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998).  As discussed above, Plaintiff has failed to produce any evidence that he was injured by the use of Defendants' products, an essential element of his claim.  Accordingly, summary judgment will be granted as to the negligence claims.

### C. Breach of Warranty

Plaintiff also alleges that Defendants breached both express and implied warranties when distributing the products to his employer.  However, Plaintiff has produced no evidence that Defendants made any "affirmation of fact or promise," gave any "description of the goods," or provided any "sample or model" necessary to give rise to an express warranty.  13 Pa. Cons. Stat.

§ 2313(a). To establish a breach of the implied warranty of merchantability, Plaintiff must show: 1) the existence of the implied warranty; 2) breach of the implied warranty; 3) a causal connection between the defendant's breach and the plaintiff's injury or damage; and 4) the extent of loss proximately caused by the defendant's breach. Werner v. GMC, 2006 Pa. Dist. & Cnty. Dec. LEXIS 90, at *9 (Pa. Cnty. Ct. Apr. 26, 2006) (citing 13 Pa. Cons. Stat. § 2314 cmt. 13). Assuming arguendo that an implied warranty existed, Plaintiff has failed to show that any breach of that warranty caused him injury. As discussed above, the evidence establishes that Plaintiff was injured when he developed cellulitis after a workplace accident, but nothing in the record supports the theory that Defendants' products weakened his arm and led to the accident. Accordingly, the Court will grant summary judgment as to the breach of warranty claims.

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion will be granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD BYRD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 04-4827 |
| | : | |
| **ESSEX SILVERLINE CORP., et al.** | : | |

## ORDER

**AND NOW**, this   8th    day of January, 2008, upon consideration of Defendants' Motion for Summary Judgment (docket nos. 17, 18), it is **ORDERED** that the Motion is **GRANTED**, and the Clerk of the Court shall mark this case **CLOSED**.

BY THE COURT:

S/ BRUCE W. KAUFFMAN
BRUCE W. KAUFFMAN, J.